Johnny Edward McGEE,
Petitioner-Appellant,

v.

Ralph L. AARON, Warden, Marion
Penitentiary, et al.,
Respondents-Appellees.

No. 75–1359.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 24, 1975.

Decided Oct. 9, 1975.

Johnny McGee, Keith X. Farries, for petitioner-appellant.

Henry A. Schwarz, U. S. Atty., E. St. Louis, Ill., for respondents-appellees.

Before SPRECHER, TONE and BAUER, Circuit Judges.

PER CURIAM.

Johnny Edward McGee appeals from the denial by the district court of his petition for a writ of habeas corpus. On the record and the briefs, and without oral argument, we affirm. Rule 2, F.R. App.P.

McGee was sentenced pursuant to 18 U.S.C. § 4208(a)(2) to four years in prison for interstate transportation of a stolen motor vehicle. After having served slightly more than one-third of his sentence, McGee was given a parole hearing, and received a tentative parole date from the hearing examiners.[1] This decision of the examiners was reconsidered by the National Appellate Board, and, on January 8, 1975, McGee was denied parole and continued to the expiration of

his sentence. The reasons given by the National Appellate Board for its action were: a) McGee had a long history of stealing cars between 1966 and 1973; b) nothing in his record indicated that he could live in the community without again violating the law; and c) he needed to complete his G.E.D. (high school equivalency) and to complete a training program that would provide him with a salable skill.

The delay in holding the initial hearing until more than one-third of the § 4208(a)(2) sentence had been served was improper, *Garafola v. Benson,* 505 F.2d 1212 (7th Cir. 1974); *Bijeol v. Benson,* 513 F.2d 965 (7th Cir. 1975); but McGee did not make a timely challenge to the delay and does not complain of it here. Rather, he contests the failure of the Parole Board to give him a rehearing and his continuation to expiration.

McGee's brief on appeal raises three questions concerning his treatment by the Parole Board. First, he contends that the denial of parole constituted cruel and unusual punishment. Liberally construed, see *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), we take this to be a due process attack on the parole procedures in his case.

McGee admits that he was given a hearing before the Board initially, and that he was represented by a fellow inmate. His contention is that when the initial favorable disposition was overturned after reconsideration by the National Appellate Board, he should again have been given a hearing, presumably so that he could contest the reasons for denial.

We hold that due process does not require what would amount to a rehearing once the prisoner has been given written reasons for denial follow-

<hr>

1. The record in this case was exceptionally barren of facts. We have taken as true the allegations of fact made by McGee, which include the allegation that he served more than 20 months of a four year sentence before being given a parole hearing.

ing a hearing.[2] At that point, the prisoner can petition for a writ of habeas corpus if he thinks the reasons given are false, insufficient, or capricious, as he can if no reasons are given. A further hearing by the Parole Board at that point would not produce benefits commensurate with the burden and duplication of effort it would entail, and we find no authority requiring such a hearing.

Second, McGee claims that he was not given the serious consideration mandated by *Garafola v. Benson, supra,* 505 F.2d 1212. There is no merit in this contention. Obviously his petition for parole was given serious consideration, for he was given a full hearing, at which he was represented by a fellow inmate, and was recommended for parole by the hearing examiners. The National Appellate Board's disagreement with the hearing examiners does not indicate a lack of serious consideration.

To the extent that McGee challenges the sufficiency of the reasons for denial, we hold them sufficient. Similar reasons were upheld in *deVyver v. Warden, U. S. Penitentiary,* 388 F.Supp. 1213, 1218 (M.D.Pa.1974). Although there is a certain appeal to his contention that the sentencing court knew of his prior convictions for auto theft and still sentenced him under section 4208(a)(2), the Parole Board may nevertheless take into account these prior convictions. *Wiley v. United States Board of Parole,* 380 F.Supp. 1194, 1196–1200 (M.D.Pa.1974).

Finally, McGee claims that the Parole Board breached its statutory duty under 18 U.S.C. § 4208(a)(2) by continuing him to expiration of his sentence. In other words, McGee argues that even if the hearing given him after having served roughly one-third of his sentence comported with his statutory rights and due process, he may not be continued to expiration upon denial of parole at that time.

*Garafola v. Benson, supra,* was decided on statutory grounds, *i. e.,* that Congress intended section 4208(a)(2) prisoners to be considered for parole at a date earlier than the one-third point in the sentence at which section 4202 prisoners were considered. *Garafola* does not deal with the question of how frequently the Board must hold review hearings after the first serious consideration is given.

Parole Board regulations provide that "all hearings subsequent to the initial hearing shall be considered review hearings," 28 C.F.R. § 2.14 (1974); and that "[n]o prisoner shall be continued for more than three years from the time of the last hearing without further review," 28 C.F.R. § 2.14(d) (1974). Since McGee has less than three years to serve, the Parole Board's rules permitted continuing him to expiration. The question before us is whether, by refusing to review his case before the expiration of his sentence, the Board violated the statute.

We hold that it did not, since there was a sufficient reason for not undertaking a further review. Here the need for further education and training that would give McGee a salable skill, combined with the finding that he would be unlikely to refrain from further criminal activities without such a skill, provided an ample basis for the decision to continue McGee's case to expiration.

<hr />

2. A prisoner is entitled to a brief written statement of the grounds for parole denial. *King v. United States,* 492 F.2d 1337 (7th Cir. 1974) (ruling based on the Administrative Procedure Act). The Sixth Amendment does not require the appointment of counsel in parole proceedings. *Ganz v. Bensinger,* 480 F.2d 88 (7th Cir. 1973).

Other circuits have based the right of a prisoner to receive written reasons for denial of parole on due process grounds. *Childs v. United States Board of Parole,* 511 F.2d 1270 (D.C.Cir. 1974) (based on due process ground); *United States ex rel. Johnson v. Chairman of New York State Board of Parole,* 500 F.2d 925 (2d Cir. 1974) (same, extending the requirement to state parole boards), *vacated as moot,* 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1975). The Parole Board's own regulations, 28 C.F.R. §§ 2.12, 2.13, 2.14 (1974), require that a prisoner be given a hearing when considered for parole and that he be given a statement of reasons if parole is denied.

Upon an independent review of the record we find no other grounds for reversal. The Clerk of this Court is directed to enter judgment affirming the order appealed from.

Affirmed.