Daniel A. HILL, Jr., Appellant,

v.

ATTORNEY GENERAL OF the UNITED
STATES, et al., and United States Board
of Parole, Washington, D. C., Appellees.

No. 76–1719.

United States Court of Appeals,
Third Circuit.

Submitted Jan. 14, 1977.

Decided Feb. 23, 1977.

Daniel A. Hill, Jr., pro se.

S. John Cottone, U. S. Atty., Scranton,
Joseph F. Cimini, Asst. U. S. Atty., Lewis-
burg,.Pa., for appellees.

Before ROSENN and HUNTER, Circuit
Judges, and COOLAHAN, District Judge.*

OPINION OF THE COURT

PER CURIAM:

Daniel A. Hill, Jr., proceeding pro se,
appeals from the district court's denial of

* James A. Coolahan, United States District Judge for the District of New Jersey, sitting by
designation.

his petition for a writ of habeas corpus. Hill challenges the sufficiency of the United States Parole Board's statement of reasons for denying him parole; he also urges that the Board's guidelines for parole, as applied to him, frustrate the intent of the judge who sentenced him.

On July 19, 1973, approximately ten weeks after he entered the federal penitentiary at Lewisburg, Pennsylvania [1] Hill was afforded an initial parole hearing before examiners of the United States Parole Board (now the United States Parole Commission). Hill was denied release on parole at that time, and was notified that his case was continued until July of 1976. In support of its action, the Board gave a single reason: "Your release at this time would depreciate the seriousness of the offense committed and is thus incompatible with the welfare of society." Relying on such cases as *United States ex rel. Richerson v. Wolff*, 525 F.2d 797 (7th Cir. 1975), *cert. denied*, 425 U.S. 914, 96 S.Ct. 1511, 47 L.Ed.2d 764 (1976), and *United States ex rel. Johnson v. Chairman of New York State Board of Parole*, 500 F.2d 925 (2d Cir.),*vacated as moot*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974), Hill argues that this reason does not meet the requirements of due process.

We reject this contention as moot. In October 1975, the Board sent Hill a "Corrected Notice of Action" in which it gave the following statement of reasons for its 1973 decision:

> Your offense behavior has been rated as greatest severity because dangerous explosives were employed to seriously and permanently damage an individual. You have a salient factor score of 9. You have been in custody a total of 10 months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of 36 or more months to be served before release

for cases with good institutional program performance and adjustment. After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration does not appear warranted. Board guidelines for greatest severity cases do not specify a maximum limit. Therefore, the decision in your case has been based in part upon a comparison of the relative severity of your offense behavior with offense behavior listed in the very high severity category.

This statement meets the requirements of due process, and was sufficient to cure any defects in the original statement. *See Bailey v. Holley*, 530 F.2d 169, 171–72 (7th Cir. 1976).

Hill also contends that the application of the Parole Board's guidelines to him is inconsistent with the sentencing judge's imposition of sentence pursuant to 18 U.S.C. § 4208(a)(2) (now § 4205(b)). *See generally United States v. Salerno* (Appeal of William Silverman), 538 F.2d 1005 (3d Cir.), *rehearing denied*, 542 F.2d 628 (3d Cir. 1976). We must reject this contention, however, because it appears not to have been presented to the district court in appellant's petition. Hill's petition asserted that the Board did not follow its guidelines in continuing his case until July of 1976,[2] but did not allege that any application of the guidelines to him was improper.

Accordingly, the order of the district court denying the petition for a writ of habeas corpus will be affirmed.

---

1. Hill was sentenced on April 13, 1973, to one fifteen-year term and four five-year concurrent terms. Each sentence commenced by computation of the sentencing court on September 7, 1972.

2. Hill does not raise this argument on appeal.