George B. GARCIA, Plaintiff-Appellee,

v.

UNITED STATES BOARD OF PAROLE,
Defendant-Appellant.

No. 76–1675.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 13, 1977.

Decided June 15, 1977.

Rehearing Denied July 21, 1977.

See also, D.C., 409 F.Supp. 1230.

Richard L. Thornburgh, Asst. Atty. Gen., and Patrick J. Glynn, Atty., Dept. of Justice, Washington, D. C., Samuel K. Skinner, U. S. Atty., Chicago, Ill., Joseph F. Ciolino, Burke, Va., for defendant-appellant.

Kenneth N. Flaxman, Chicago, Ill., for amicus curiae John M. Geraghty.

Robert S. Bailey, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS, PELL and BAUER, Circuit Judges.

BAUER, Circuit Judge.

The Government appeals from the district court's grant of a writ of habeas corpus releasing appellee Garcia from federal custody because he had been denied due process in a parole hearing. The principal issue before us is whether the United States Board of Parole may deny a prisoner parole solely on the basis of the severity of the offense for which he was convicted. We reverse.

I.

In October 1973, Garcia plead guilty to charges stemming from his involvement in

the bombing of several Chicago retail wig shops that had been competing with his own shop.[1] He was sentenced to an adult term of four years' imprisonment. After about 14 months' incarceration, Garcia applied for parole. In January 1975, the Parole Board denied his application and continued his sentence to expiration upon the following order:

"Your offense behavior has been rated as greatest severity. You have a salient factor score of 11. Guidelines established by the Board which consider the above factors do not indicate a maximum range of months to be served before release for adult cases. You have been in custody a total of 14 months. Your release at this time would depreciate the seriousness of the offense committed and thus is incompatible with the welfare of society."

The Regional Office of the Board and the National Appellate Board both summarily affirmed the Board's order.

Garcia then filed suit against the Board in the district court challenging the adoption and application of the guidelines relied upon by the Board [2] in denying him

1. Garcia was charged under 18 U.S.C. § 371 and § 844, and 26 U.S.C. § 5861.

2. The guidelines, published at 28 C.F.R. § 2.20, which were applicable at the time of Garcia's parole hearings provide as follows:

ADULT

[Guidelines for decisionmaking. average total time served before release (including jail time)]

| Offense characteristics: severity of offense behavior (examples) | Offender characteristics: parole prognosis (salient factor score) | | | |
|---|---|---|---|---|
| | Very good (11 to 9) | Good (8 to 6) | Fair (5 to 4) | Poor (3 to 0) |
| **LOW** | | | | |
| Immigration law violations. Minor theft (includes larceny and simple possession of stolen property less than $1,000). Walkaway | 6 to 10 mo. | 8 to 12 mo. | 10 to 14 mo. | 12 to 16 mo. |
| **LOW MODERATE** | | | | |
| Alcohol law violations. Counterfeit currency (passing/possession less than $1,000). Drugs: marihuana, simple possession (less than $500). Firearms Act, possession/purchase/sale (single weapon—not altered or machinegun). Forgery/fraud (less than $1,000). Income tax evasion (less than $10,000). Selective Service Act violations. Theft from mail (less than $1,000). | 8 to 12 mo. | 12 to 16 mo. | 16 to 20 mo. | 20 to 25 mo. |
| **MODERATE** | | | | |
| Bribery of public officials. Counterfeit currency (passing/possession $1,000 to $19,999). Drugs: "Hard drugs", possession by drug user (less than $500). Marihuana, possession with intent to distribute/sale (less than $5,000). "Soft drugs", possession with intent to distribute/sale (less than to $5,00). Embezzlement (less than $20,000). Explosives, possession/transportation. Firearms Act, possession/purchase/sale (altered weapon(s), machinegun(s), or multiple weapons). Income tax evasion ($10,000 to $50,000). Interstate transportation of stolen/forged securities (less than $20,000). Mailing threatening communications. Misprision of felony. Receiving stolen property with intent to resell (less than $20,000). Smuggler of aliens. Theft/forgery/fraud ($1,000 to $19,999). Theft of motor vehicle (not multiple theft or for resale). | 12 to 16 mo. | 16 to 20 mo. | 20 to 24 mo. | 24 to 30 mo. |

parole. On February 10, 1976, after the filing of cross-motions for summary judgment, the district court granted Garcia a new parole hearing on the ground that the reasons given by the Board for denying Garcia's petition were not set forth with

| Offense characteristics: severity of offense behavior (examples) | Offender characteristics: parole prognosis (salient factor score) | | | |
|---|---|---|---|---|
| | Very good (11 to 9) | Good (8 to 6) | Fair (5 to 4) | Poor (3 to 0) |
| **HIGH** | | | | |
| Burglary or larceny (other than embezzlement) from bank or post office. | | | | |
| Counterfeit currency (passing/possession $20,000 or more). | | | | |
| Counterfeiting (manufacturing) | | | | |
| Drugs: | | | | |
| "Hard drugs" (possession with intent to distribute/sale) by drug user to support own habit only. | | | | |
| Marihuana, possession with intent to distribute/sale ($5,000 or more). | 16 to 20 mo. | 20 to 26 mo. | 26 to 32 mo. | 32 to 38 mo. |
| "Soft drugs", possession with intent to distribute/sale ($500 to $5,000). | | | | |
| Embezzlement ($20,000 to $100,000) | | | | |
| Interstate transportation of stolen/forged securities ($20,000 to $100,000). | | | | |
| Mann Act (no force—commercial purposes) | | | | |
| Organized vehicle theft. | | | | |
| Receiving stolen property ($20,000 to $100,000) | | | | |
| Theft/forgery/fraud ($20,000 to $100,000) | | | | |
| **VERY HIGH** | | | | |
| Robbery (weapon or threat) | | | | |
| Drugs: | | | | |
| "Hard drugs" (possession with intent to distribute/sale) for profit [no prior conviction for sale of "hard drugs"]. | | | | |
| "Soft drugs", possession with intent to distribute/sale (over $5,000) | 26 to 36 mo. | 36 to 45 mo. | 45 to 55 mo. | 55 to 65 mo. |
| Extortion | | | | |
| Mann Act (force) | | | | |
| Sexual act (force) | | | | |
| **GREATEST** | | | | |
| Aggravated felony (e.g. robbery, sexual act, aggravated assault)—weapon fired or personal injury. | | | | |
| Aircraft hijacking. | | | | |
| Drugs: "Hard drugs" (possession with intent to distribute/sale) for profit [prior conviction(s) for sale of "hard drugs"]. | (Greater than above—however, specific ranges are not given due to the limited number of cases and the extreme variations in severity possible within the category.) | | | |
| Espionage | | | | |
| Explosives (detonation) | | | | |
| Kidnapping | | | | |
| Willful homicide | | | | |

### NOTES

1. These guidelines are predicated upon good institutional conduct and program performance.
2. If an offense behavior is not listed above, the proper category may be obtained by comparing the severity of the offense behavior with those of similar offense behaviors listed.
3. If an offense behavior can be classified under more than one category, the most serious applicable category is to be used.
4. If an offense behavior involved multiple separate offenses, the severity level may be increased.
5. If a continuance is to be given, allow 30 d (1 mo) for release program provision.
6. "Hard drugs" include heroin, cocaine, morphine, or opiate derivatives, and synthetic opiate substitutes.

### SALIENT FACTOR SCORE

Case name_____ Register No_____

    Item A_____ ☐

        No prior convictions (adult or juvenile) =2
        One or two prior convictions=1
        Three or more prior convictions=0

    Item B_____ ☐

        No prior incarcerations (adult or juvenile) =2
        One or two prior incarcerations=1
        Three or more prior incarcerations=0

    Item C_____ ☐

        Age at first commitment (adult or juvenile) 18 years or older=1
        Otherwise=0

sufficient specificity to meet due process standards:

"[T]he Board's denial of parole in the instant case was arbitrary and capricious, since no reason was given other than the conclusory and perfunctory statement that release would depreciate the seriousness of the offense and would be incompatible with the welfare of society. Such boilerplate reasons could easily be used to cloak completely arbitrary and capricious action. . . . A new hearing will be ordered pursuant to 28 U.S.C. § 2202. The Board shall set forth with reasonable specificity the reasons for its action after such a hearing." *Garcia v. United States Board of Parole*, 409 F.Supp. 1230, 1239–40 (N.D.Ill.1976).

Rather than appeal the court's order, the Board conducted a new hearing and once again denied Garcia parole, giving the following reasons:

"Your offense behavior has been, rated as greatest severity because your offense involved the detonation of explosives during the bombing of several business establishments in Chicago, Illinois. You have a Salient Factor Score of eleven. You have been in custody a total of twenty-eight months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of more than thirty-six months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, it is found that a decision at this consideration outside the guidelines does not appear warranted. Board guidelines for greatest severity cases do not specify a maximum limit. Therefore, the decision in your case has been based in part upon a comparison of the relative severity of your offense behavior with offense behavior examples listed in the very high severity category."

Following the second denial, Garcia returned to the district court with a petition for a rule to show cause why the Board should not be held in contempt for violating the court's February 10th order and a petition for a writ of habeas corpus seeking his release from custody. On April 6, 1976, the district court denied the motion for a rule to show cause, but granted a writ of habeas corpus releasing Garcia from prison on the condition that he subject himself to the supervision of the United States Probation and Parole Service for the time remaining on his sentence. The court based its decision on a finding that the Board's denial of parole was violative of due process because

| Item D | | |
|---|---|---|
| Commitment offense did not involve auto theft=1 | | ☐ |
| Otherwise=0 | | |
| Item E | | ☐ |
| Never had parole revoked or been committed for a new offense while on parole=1 | | |
| Otherwise=0 | | |
| Item F | | ☐ |
| No history of heroin, cocaine, or barbiturate dependence=1 | | |
| Otherwise=0 | | |
| Item G | | ☐ |
| Has completed 12th grade or received GED=1 | | |
| Otherwise=0 | | |
| Item H | | ☐ |
| Verified employment (or full-time school attendance) for a total of at least 6 months during the last 2 years in the community=1 | | |
| Otherwise=0 | | |
| Item I | | ☐ |
| Release plan to live with spouse and/or children=1 | | |
| Otherwise=0 | | |
| Total score | | ☐ |

These regulations were amended slightly in 41 Fed.Reg. 37323–29 (September 3, 1976) and 42 Fed.Reg. 12043–45 (March 2, 1977). The amendments do not affect Garcia's parole prognosis.

it was based solely on the severity of Garcia's offense. The Government appeals from the April 6th order.

## II.

■ Before reaching the merits, we must determine whether the Government's failure to appeal the district court's February order bars its appeal from the court's April order.

Garcia contends that the arguments advanced by the Board in support of its denial of Garcia's parole after his second hearing are in fact arguments attacking the district court's February decision, which became res judicata on the issues it adjudicated when the Board failed to appeal it. *United States v. Secor*, 476 F.2d 766 (2d Cir. 1973).

We disagree because we believe the issues posed by this appeal from the district court's April order were not resolved by the court's February order. The February and April decisions were predicated on different grounds. In February the court overturned the Board's denial of Garcia's parole because the reasons given by the Board were "not sufficient to enable this Court to determine whether parole has been denied plaintiff for an impermissible reason." *Garcia, supra* at 1238.

The April decision, on the other hand, was based on the substantive inadequacy of the reasons given, rather than on the Board's failure to set out its rationale with sufficient specificity. The district court at that time had received specific enough reasons from the Board to be able to discern the true basis of its decision and thus was able to reach the separate question of whether the Board's reasons were substantively permissible:

"I have concluded from their conduct that they don't have any reason other than the 'seriousness of the initial offense', and their judgement as to what a person who commits that offense should do in terms of time served.

That I conceive to be an improper criteria for the Parole Board, and ignores completely all the other criteria which they are supposed to take into considera-

tion, all of which in this case are favorable, and doubly favorable because you now have two institutions making the same recommendation." Transcript of April 5, 1976 hearing at 17.

Our interpretation of the district judge's remarks is borne out by his refusal to hold the Board in contempt for violating his February order:

"I am not going to hold anybody in contempt. I think they did the best they could, and the best they could leaves us where we are, which is nothing more than the seriousness of the original offense. I don't think they are in contempt. . . .

If I read clearly the inferences to be drawn from the language of their decision, it is we haven't got any other reasons, judge. We are right back where we were. We are right back where we were. The only reason we have got is we think a fellow who committed this offense should do three years and 24 days.

That is just not an adequate reason. But, that is what it boils down to. So I don't see that they are in contempt. They have done the best they could. They gave the only reason there is, and it isn't an adequate reason." *Id.* at 21–22.

The clear import of this language is that, in its February decision, the district court sought clarification of the reasons given for denying parole, and, in its April decision, having been adequately informed of the board's reasons for denying Garcia parole, the district court struck down those reasons as substantively inadequate.

Accordingly, because the court's February order did not resolve the issue of whether the reasons given by the Board were substantively inadequate, we believe it is proper for the Government to raise that issue in this appeal from the court's April order.

Also, inasmuch as the Board gave a new set of reasons for denying Garcia's parole after the February order was issued, the question of the procedural adequacy of those reasons is not foreclosed by the February order.

## III.

*Procedural Adequacy of Statement of Reasons*

■ Turning to the merits, we recognize that parole determination proceedings must meet "minimum due process requirements," which include a statement of reasons for denying parole. *United States ex rel. Richerson v. Wolff*, 525 F.2d 797 (7th Cir. 1975), *cert. denied*, 425 U.S. 914, 96 S.Ct. 1511, 47 L.Ed.2d 764 (1976). Such a statement

"should be sufficient to enable a reviewing body to determine whether parole has been denied for an impermissible reason or for no reason at all. For this essential purpose, detailed findings of fact are not required, provided the Board's decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision . . . and the essential facts upon which the Board's inferences are based. . . ." *Id.* at 804, quoting from *United States ex rel. Johnson v. Chairman of New York State Board of Parole*, 500 F.2d 925, 934 (2d Cir.), *vacated as moot*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974).[3]

■ The statement of reasons at issue in this case certainly meets this standard. Despite Garcia's claim that the statement was mere "boilerplate" employed to hide the real reasons for the Board's action, the statement adequately informed Garcia of the "grounds for the decision and the essential facts upon which the Board's inferences are based," and enabled a reviewing body to determine whether parole was denied for an impermissible reason. The statement clearly points out that, despite Garcia's maximum Salient Factor Score and his good institutional record, the Board decided to rely on its guidelines and deny Garcia parole. To require more detailed findings would be to require the Board to issue an opinion supporting its decision, rather than a mere statement of reasons for its action. As we said in *Richerson*, "No reason need be given to explain [the] reasons [set forth]." 525 F.2d at at 804–05.[4]

*Permissibility of Offense Severity Reason*

■ Having determined that the Board's statement of reasons meets procedural due process standards, we must next determine whether the seriousness of Garcia's "offense behavior" is a permissible reason for denying him parole.

In deciding this issue, we need not broadly delineate what reasons for denying parole are permissible and what are not. At a minimum, the range of permissible reasons certainly includes those authorized by the statute under which the Board was operating at the time it denied Garcia's parole request, and the governing statute, 18 U.S.C. § 4203(a),[5] in our opinion, implicitly authorized the Board to consider offense severity in making its parole determinations. As the district judge in *Wiley v. United States Board of Parole*, 380 F.Supp. 1194, 1197 (M.D.Pa.1974), noted:

"If it appears to the Board of Parole from a report by the proper institutional officers or upon application by a prisoner eligible for release on parole, that there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws, and if in the opinion of the Board such release is not incompatible with the welfare of society, the Board may in its discretion authorize the release of such prisoner on parole."

Title 18 U.S.C. § 4203 has since been repealed by the Parole Commission and Reorganization Act of 1976. Pub.L. 94–233, 90 Stat. 219 (codified at 18 U.S.C. §§ 4201 to 4218). The Act took effect May 14, 1976, after the district court's decision in this case.

---

**3.** In *King v. United States*, 492 F.2d 1337, 1345 (7th Cir. 1974), we held that the Administrative Procedure Act, 5 U.S.C. § 555(e), requires the Federal Parole Board to provide a prisoner denied release on parole a "brief statement of the grounds for denial."

**4.** Parole Board statements of reasons substantially similar to that given Garcia were held adequate in *Fronczak v. Warden*, 553 F.2d 1219 at 1220, 1221 (10th Cir. 1977); *Hill v. Attorney General*, 550 F.2d 901 (3d Cir. 1977); *Barr v. United States*, 415 F.Supp. 990, 993–94 (W.D. Okl.1976); *Stout v. United States Board of Parole*, No. TH 75–146–C (S.D.Ind. Feb. 4, 1976); and *Barrett v. United States Board of Parole*, No. TH 75–72–C (S.D.Ind. July 28, 1975).

**5.** 18 U.S.C. § 4203(a) provides:

"18 U.S.C.A. § 4203 provides that the Board in its discretion may release a prisoner on parole if it appears there is a reasonable probability that such prisoner will live and remain at liberty without violating the laws, and if the Board believes such release is compatible with the welfare of society. The seriousness of the offense and the effect parole of an offender may have on deterrence of criminal conduct, embodied in the 'depreciating the seriousness of the offense' reason given by the Board for denial of parole, clearly are a proper basis for denying parole since these factors are relevant to and can be determinative of the question of whether the offender's release is compatible with the welfare of society, a criterion specifically mandated by 18 U.S.C.A. § 4203. Thus, the Board is free to rely in whole or in part on these factors in making an adverse parole determination." Accord, *de Vyver v. Warden*, 388 F.Supp. 1213, 1218–20 (M.D.Pa.1974); *Battle v. Norton*, 365 F.Supp. 925, 928–30 (D.Conn.1973).

Our research has disclosed only one decision even tangentially supporting the district court's holding that the seriousness of the offense factor cannot be the sole basis for a parole denial. That decision, *Soloway v. Weger*, 389 F.Supp. 409 (M.D.Pa.1974), suggests in dicta that it may be unlawful for the Board to deny parole solely on the basis of its view of the seriousness of the statutory offense for which the prisoner was convicted, that is, without considering the nature of the prisoner's involvement in the crime and the circumstances of his particular criminal conduct:

"if the Board is blindly adhering to a policy that a certain minimum amount of time must be served because of the severity of the statutory offense, it may well be arbitrary and capricious, an unwarranted intrusion into the judicial sentenc-

ing process, and in excess of the Board's statutory authority." *Id.* at 411.

The *Soloway* court, however, emphasized that

"if, on the other hand, the Board reasoned that the circumstances of [the] petitioner's particular offense and his involvement in it were so serious that his release would appear to diminish his culpability or depreciate the seriousness of this offense, then the Court would not attempt to second-guess that conclusion." *Id.*

In the case at hand, the potential defect alluded to in *Soloway* is not present, for the second statement of reasons given for denying Garcia parole is based on the gravity of Garcia's conduct, not merely on the seriousness of the statutory offenses of which he was convicted. The Board stated that Garcia's "offense behavior" was

"rated as greatest severity because your offense involved the detonation of explosives during the bombing of several business establishments in Chicago, Illinois. After review of all relevant factors and information presented, it is found that a decision outside the guidelines does not appear warranted. . . . The decision in your case has been based in part upon a comparison of the relative severity of your offense behavior with offense behavior examples listed in the very high severity category."

Rather than blindly applying the guidelines for the statutory offenses of conspiracy and possession of explosives and firearms, the crimes Garcia was convicted of, the Board made its decision after comparing the severity of Garcia's particular conduct with offense behavior listed in different severity categories.[6]

Accordingly, we hold that the Board did not abuse its discretion in denying Garcia parole solely because his release would de-

---

**6.** As mandated by the Board's regulations, Garcia's offense could have been listed in a lower or higher severity category if the circumstances of his conduct had so warranted:

"The guidelines contain examples of offense behavior for each severity level. How-

ever, especially mitigating or aggravating circumstances in a particular case may justify a decision on a severity rating different from that listed."
28 C.F.R. § 2.20(d).

preciate the seriousness of his particular offense. We reverse the district court's decision and remand this case for further proceedings.[7]

Any doubts about the legality of basing future parole decisions on offense severity are dispelled by Congress' express sanction of the Parole Board's practice of basing decisions on this factor. The Parole Commission and Reorganization Act of 1976, amending Chapter 311 of Title 18, provides at 18 U.S.C. § 4206:

> ". . . if the [Parole] Commission[8] upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines (1) that *release would not depreciate the seriousness of his offense* or promote disrespect for the law; and (2) that release would not jeopardize the public welfare . . . pursuant to guidelines promulgated by the Commission . ., such prisoner shall be released." (Emphasis added.)

The conference committee report accompanying the statute indicates that, in passing the Act, Congress intended to sanction the Board's use of guidelines graded on offense severity in making parole decisions. See H.Rep. No. 94–838, 94th Cong., 2d Sess. 25–28, 1976 U.S.Code Cong. & Admin.News 1976, p. 351.

REVERSED and REMANDED.

---

**7.** We need not pass upon the arguments raised by amicus curiae that the Board had no Congressional authorization to promulgate its guidelines and that the guidelines are contrary to the Parole Commission and Reorganization Act of 1976, Pub.L. 94–233 (March 15, 1976), because these issues were neither raised by the plaintiff in the district court nor argued in his brief submitted to this Court. See *Knetsch v.*

*United States*, 364 U.S. 361, 370, 81 S.Ct. 132, 5 L.Ed.2d 128 (1960); *Browzin v. Catholic University of America*, 174 U.S.App.D.C. 60, 527 F.2d 843, 849–50 n.15 (1975).

**8.** Under the new Act, the Parole Board's name has been changed to the "Parole Commission."