Freddie D. SMITH

v.

Griffin BELL, Individually and as Attorney General of the United States, et al.

Civ. A. No. CA–3–78–0025–D.

United States District Court, N. D. Texas, Dallas Division.

July 5, 1978.

ORDER

ROBERT M. HILL, District Judge.

After making an independent review of the pleadings, files, and records in this case,

and after consideration of the findings, conclusions, and recommendation of the United States Magistrate, the court is of the opinion that the findings and conclusions of the Magistrate are correct and should be adopted as the findings and conclusions of the court, except as hereafter modified or supplemented. The court is further of the opinion that all relief sought by applicant should be denied.

■ First, the court would comment on the Magistrate's finding and conclusion discussed on page 2 at No. 1. This relates to the applicant's assertion that the Commission's placing of his offense behavior in the "greatest" severity level was arbitrary, capricious, and an abuse of discretion. The Magistrate is clearly correct that an adjustment of the offense severity rating based upon the individual circumstances of a prisoner's case is authorized by law and a matter that falls within the Commission's discretion. *Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1976); *Payne v. United States*, 539 F.2d 443 (5th Cir. 1976). If any review of such a decision is possible, *see Bistram v. U. S. Parole Board*, 535 F.2d 329 (5th Cir. 1976); *Cox v. Benson*, 548 F.2d 186 (7th Cir. 1977), the court concludes that the record amply demonstrates that the Commission has in fact acted within its discretion in this case. The court is not sure that the Magistrate is correct in stating that the last sentence in the May 19, 1977, Notice of Action sets out the reason for the higher severity rating; this uncertainty was one reason the court required an answer from the government. As a part of its answer the government has substantially supplemented the record provided by the applicant. The complete record makes clear that the Commission has rated applicant's offense behavior "greatest" because it involved kidnapping. This is explicitly stated in the Findings and Conclusions of the National Appeal Board, Exhibit B p. 3 attached to the Government's May 12, 1978, response to the writ. The same is also explicitly stated in the Hearing Summary of the April 14, 1977, institutional review, Exhibit B pp. 8–9. Adjusting upward applicant's severity rating because kidnapping was involved is well within the

Commission's discretion: kidnapping is listed as a "greatest" offense in the guidelines, *see* chart in *Cox, supra*, at 548 F.2d 190–191. The record also reveals that applicant has never denied the fact that kidnapping was a part of his offense behavior.

■ A second aspect of applicant's challenge to the upward adjustment of his severity rating may be the claim that he was never given reasons for the upward adjustment and thus was never allowed to contest the adjustment. *See Brown, supra*, 528 F.2d at 1055. Again, this claim is refuted by the complete record. The Summary of Hearing of applicant's original parole review on May 21, 1975, (Exhibit B pp. 12–14) reveals that applicant admitted the fact of the kidnapping, and that his offense severity rating was discussed with him without disagreement. Applicant's Petition for a writ, at page 4, indicates that applicant received a copy of this Summary. The petition also reflects that applicant received a copy of the April 14, 1977, Hearing Summary (Exhibit B pp. 8–9), which, as stated above, explicitly states the reason for the upward adjustment, and further indicates applicant's admission of the kidnapping. Finally, the Findings and Conclusions of the National Appeals Board, Exhibit B p. 3, reveals that applicant in fact appealed on the ground that his offense severity had not been properly classified. Applicant cannot claim that he has not known the reason for his offense rating, nor can he claim that he has not been given the opportunity to challenge such rating.

■ On an unrelated issue not addressed by the Magistrate, applicant appears to challenge as arbitrary the Regional Commissioner's referral to the National Commissioners of the April, 1977, decision of the parole examiner. Applicant alleges that this referral is in violation of 28 C.F.R. § 2.24, in that § 2.24 allows such a referral only if the prisoner has not previously been notified of the decision of the examiner panel. Applicant says that he was so notified *prior* to the referral by the Regional Director. He cites *Cox, supra.* However,

*Cox* quotes § 2.24 in full, 548 F.2d at 189, n. 7, and § 2.24's notification provision refers to *written* notification. The petition indicates that the notification applicant alludes to is a *verbal* notification given at the conclusion of the initial parole hearing, and that applicant's first *written* notification was on April 27, 1977, notifying him of the referral to the National Commissioners. Likewise, the supplemented record does not include any written notification prior to the referral action. The court concludes that § 2.24 has not been violated.

Finally, the court will comment briefly on the Magistrate's finding and conclusion discussed on pages 2–3 at No. 2. The court agrees with the thrust of the Magistrate's discussion, and would cite *Garcia v. United States Bd. of Parole,* 557 F.2d 100 (7th Cir. 1977), and *Hill v. Attorney General of United States,* 550 F.2d 901 (3d Cir. 1977), as the two Circuit opinions most analogous to the facts of this case. Both conclude that notice of the reasons for parole denial of the type given in this case are sufficient to meet constitutional or other objections. The court notes that in this case the National Appeals Board specifically mentions the kidnapping behavior as a reason warranting denial, Exhibit B p. 3.

Accordingly, the findings and conclusions of the United States Magistrate, attached hereto, are adopted as the findings and conclusions of the court, except as above modified or supplemented, and all relief sought by applicant is denied.

It is so ORDERED.

BAILEY F. RANKIN, United States Magistrate.

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate. The findings, conclusions and recommendation of the Magistrate, as evidenced by his signature thereto, are as follows:

### FINDINGS AND CONCLUSIONS:

Freddie D. Smith, hereinafter called applicant, is in custody of the Attorney General of the United States and presently confined in the Federal Correctional Institution in Seagoville, Texas. He is serving a sentence allegedly imposed against him in the United States District Court for the Northern District of Oklahoma on November 19, 1974, in Cause No. 74–CR–86. The sentence provided for a term of 15 years on Count 1 of the indictment and five years on Count 2, to run consecutively. That sentence was subsequently modified on March 14, 1975 but only to the extent that applicant was made eligible for parole at the discretion of the Board of Parole pursuant to the provisions of 18 U.S.C. § 4208(a)(2) in effect at that time. In the order modifying the sentence, the Court went on to recommend that defendant be considered for parole at the earliest possible time. Applicant was accorded an initial parole hearing in 1975 at the Federal Correctional Institution in Texarkana but his case was continued for an institutional review hearing in May of 1977. He alleges that he appeared at that hearing in April of 1977, at which time he was granted a tentative date of August 18, 1977 for release on parole. Subsequently, however, on review of the hearing examiner's recommendation, the Regional Commissioner referred the recommendation to the National Commissioners for consideration and appropriate action. This action was taken pursuant to the provisions of 28 C.F.R., Section 2.24, and notice of that action was given to applicant. Thereafter, the National Commissioners continued applicant's case for a statutory review hearing in April of 1979. Applicant was given notice of that action and a copy of the Notice of Action, which is annexed to the application in this case, sets forth the reason for the action taken by the National Commissioners. That action was subsequently affirmed at the regional and national appeal level. Applicant now alleges that the Commission's denial of parole was so arbitrary and capricious as to be an abuse of discre-

tion and, therefore, contrary to law. The extent to which a decision to deny parole is subject to judicial review in this Circuit is set forth in the cases of *Brown v. Lundgren,* 528 F.2d 1050, and *U. S. v. Norton,* 539 F.2d 1082. The denial of the privilege of parole is subject only to the procedural demands of the particular enabling statute. Thus, if the Commission complies with the provisions of the Administrative Procedure Act and its own rules the denial of parole is subject to judicial review only where the decision is alleged to be so arbitrary and capricious as to be beyond the discretion granted to the Parole Commission. Applicant has sought to establish an abuse of discretion by advancing a number of lengthy and argumentive conclusions but I am of the opinion that he has failed to advance any factual allegations which would warrant judicial review of the Commission's action. In the following paragraphs I will list the specific complaints advanced by applicant, as well as I can determine them. Some of the complaints are overlapping and redundant.

1. Applicant complains of the action of the Commission in classifying his offense behavior as greatest severity. That action by the Commission is specifically authorized by the provisions of 28 C.F.R., Sec. 2.20(d). That provision states that the guidelines are merely examples and that aggravating circumstances in a particular case may justify a different severity rating. The last sentence in the Notice of Action taken by the National Commissioners, dated May 19, 1977, sets out the reason for the higher severity rating. The assignment of that rating is clearly a matter within the discretion of the Commission.

2. He complains that he was not given adequate and particular reasons for denial of his parole. This complaint is without merit. The copy of the Notice of Action taken by the National Commissioners clearly shows that the decision is based on the offense severity rating, and applicant's salient factor score. The Court of Appeals for the Eighth Circuit in the case of *Banks v. U. S.,* 553 F.2d 37, 1977, and the Seventh Circuit in *Garcia v. U. S. Board of Parole,* 557 F.2d 100, 1977, have both recently held that the Commission may deny parole eligibility solely on its published guidelines, notwithstanding good institutional behavior and notwithstanding what may seem to the sentencing Judge an intrusion on his function. Both cases cite 18 U.S.C. § 4206 as granting the Commission that discretion and cite H.Rep. # 94–838, 94th Cong., 2nd Sess. 25–28, U.S.Code Cong. & Admin.News 1976, p. 325 as reflecting an intent by Congress to sanction such action by the Board. Further the Court in *Garcia* approves the precise form of notice given in applicant's case, saying that to require more detailed findings would be to require the Commission to issue an opinion supporting its decision rather than a mere statement of the reasons for its action. In support of that holding, the Court cites its previous holding in *United States ex rel. Richerson v. Wolff,* 7 Cir., 525 F.2d 797 at 804–805. The sufficiency of this precise form of notice has also been approved by the Third Circuit in the case of *Hill v. Attorney General of United States,* 550 F.2d 901, and the Tenth Circuit in *Fronczak v. Warden, El Reno Reformatory,* 553 F.2d 1219.

3. He complains that the Commissioners failed to give proper recognition to recommendations by the sentencing Court. This complaint has no merit. The decision of whether or not to grant or deny parole is solely within the discretion of the Parole Commission. *Brown v. Lundgren,* supra, and cases cited in paragraph 1 supra.

4. He complains that the Commissioners failed to give proper recognition to recommendations of the staff of the institutions in which he has been confined. This complaint states no grounds for relief since the reviewing authorities are not bound by either those recommendations or the recommendations of the examiners' panel.

5. He complains that the Commission failed to give proper recognition to his good institutional record. Applicant is mistaken in this allegation. The Notice of Action specifically states that the release limits stated in the guidelines are based on "good

institutional program and adjustment." As a matter of fact, 28 C.F.R., Sec. 2.20(b) provides that the ranges specified in the guidelines are established specifically for cases with good institutional adjustment and program process.

6. He complains that the Commission failed to give proper recognition to the institutional review hearing given him in 1975. This complaint states no grounds for relief since the discretionary action of the Commission was properly based on it guidelines.

7. He complains that the Commission failed to give proper recognition to the decision of the parole hearing examiners at the 1977 hearing. This complaint states no grounds for relief since the decision of the examiners' panel is but a recommendation which is subject to review by the National Commissioners under the provisions of 28 C.F.R. Sec. 2.24.

8. Applicant complains that the Commission is denying him parole based on circumstances existing at the time he was sentenced and that no new circumstances have arisen which would justify denial of parole. He alleges that he continues to have a good record of demeanor and achievement. This complaint states no grounds for relief. Based on the authorities cited in paragraph 1 hereinabove, the provisions of 18 U.S.C. § 4206 specifically grant the Commission the discretion to deny parole based solely on its published guidelines notwithstanding good institutional behavior and notwithstanding what might seem to be an intrusion on the sentencing Judge's intentions or function.

RECOMMENDATION:

For the reasons stated hereinabove, I recommend that all relief sought by applicant be denied.