66 F.3d 328
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lemont GREGORY, Plaintiff-Appellant,
v.
Richard E. ARTISON, Gregory Ollman, John Corlette, Alvin
Moe, and Mark Strachota, Defendants-Appellees.
 No. 93-3740.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 28, 1995.*
Decided Aug. 1, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Lemont Gregory filed a lawsuit pursuant to 42 U.S.C. Sec. 1983 seeking compensation for civil rights violations by correctional officers while he was a pretrial detainee at the Milwaukee County Jail. Gregory tried his case before a jury, which determined that his civil rights were not violated. He appeals the jury's verdict, but has failed to argue any trial errors. Construing his pro se pleading liberally, pursuant to Haines v. Kerner, 404 U.S. 519 (1972), and McGee v. Aaron, 523 F.2d 825, 826 (7th Cir.1975), we interpret his appeal as attacking the sufficiency of the evidence supporting the jury's verdict.
 
 
 2
 We will not reverse a jury verdict if the record establishes a reasonable basis to support that verdict. McMath v. City of Gary, 976 F.2d 1026, 1032 (7th Cir.1992). We have read the trial transcripts and examined the exhibits presented to the jury. Although Gregory presented his case in fine form as a pro se litigant, the evidence strongly supports the jury's verdict against him. The state presented several witnesses, including the defendants. The state witnesses testified uniformly to the events at the heart of the case. Gregory, himself, was the only witness for his case. The jury listened to all the witnesses' testimony and its verdict indicates that some, if not all, of the state witnesses were more credible than Gregory. This credibility decision is uniquely that of the jury, not the Court of Appeals. See, e.g., Latino v. Kaizer, Nos. 94-3237 & 94-3550, slip op. at 10 (7th Cir. June 22, 1995). Based on the trial record, sufficient evidence existed to support the jury's verdict.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record