**Karl Dean SCHLOBOHM, Petitioner,**

v.

**U. S. PAROLE COMMISSION, and Charles E. Fenton, Warden, Respondents.**

**Civ. A. No. 79–1024.**

United States District Court, M. D. Pennsylvania.

Oct. 30, 1979.

MEMORANDUM

CONABOY, District Judge.

Petitioner Karl Dean Schlobohm, an inmate at the United States Penitentiary, Lewisburg, Pa., filed this action pursuant to 28 U.S.C. § 2241 on August 13, 1979. Petitioner seeks habeas corpus relief from the Court alleging that Respondents have violated his Constitutional rights in their treatment of his application for parole. On October 5, 1979 Respondents filed an Answer to the Petition, and Petitioner having filed no reply, the matter is presently ripe for disposition. Today we will dismiss the Petition for a Writ of Habeas Corpus.

■ The facts of this case are as follows.[1] On April 1, 1975 Petitioner was sentenced in the United States District Court for the Western District of Washington for a regular adult term of three years in prison. Petitioner had been convicted of mailing threatening communications, in violation of Title 18 U.S.C., Section 876. On November 18, 1976 Petitioner was sentenced in the United States District Court for the Eastern District of Michigan, where he received a consecutive, regular adult prison term of four years for attempted escape. He is now serving an aggregated term of seven years.

On March 22, 1977 Petitioner appeared before the U. S. Parole Commission Examiners at the Medical Center for Federal Prisoners in Springfield, Missouri, for the purpose of a hearing concerning Petitioner's application for parole. At this hearing Petitioner was found to have a salient factor score of four, and his offense severity was found to be "greatest", and therefore the recommended time range of the Parole Commission[2] was 60 plus months of incarceration. Petitioner had served only twenty-six, and his case was continued for a statutory review hearing in March of 1979.

Karl Dean Schlobohm, pro se.

Joseph F. Cimini, Asst. U. S. Atty., Scranton, Pa., for respondents.

---

1. There is no dispute as to any of the material factual issues of this case. We will therefore not require an evidentiary hearing. See 8(a) Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C.A. foll. § 2254 (1977) (made applicable to actions under 28 U.S.C. § 2241 by Rule 1(b).

2. The recommended time ranges refer to the Paroling Policy Guidelines, 28 C.F.R. § 2.20, which attempt to indicate the customary range of time to be served before parole release. These time ranges are merely guidelines.

On February 9, 1979, Petitioner appeared before the U. S. Parole Commission Examiners for his statutory review hearing. Despite Petitioner's objection, his offense behavior was once again voted as "greatest", with guidelines calling for 60 plus months to be served before release. At this time Petitioner had served forty-nine months, and his request for parole was denied.

Petitioner's claim is based upon the fact that at both of the above hearings the Parole Commission improperly classified his offense behavior. He claims that they based their calculations upon conviction for "extortion", and "attempted escape," while he was actually convicted of "mailing threatening communications" and "attempted escape." On March 8, 1979 Petitioner pursued a regional appeal which was denied without detailed explanation. On March 21, 1979 Petitioner appealed this adverse decision to the National Appeals Board. On July 30, 1979 the National Appeals Board modified Petitioner's classification according to new guidelines, but it continued to classify Petitioner as if he had been convicted of "extortion." The revised guidelines recommended incarceration of 48–60 months. The Board held, however, that since Petitioner's institutional adjustment had been poor, his release would not be recommended even though he had been incarcerated for fifty-four months.

On August 13, 1979 Petitioner filed the present action in United States District Court. Subsequently, on September 14, 1979 the Parole Commission issued a corrected notice, which acknowledged that it had improperly classified Petitioner's offense behavior. The Commission went on to say, however, that although the recommended guidelines for Petitioner's offense were 32–46 months, and Petitioner had served fifty-six, his conduct record, which included twelve misconduct reports, militated against his present release. Thus, even though their numbers were wrong, it was their decision that Petitioner should be incarcerated beyond the recommended period because of his poor institutional adjustment.

The issue thus presented is whether Petitioner was denied due process by the repeated failure of the Parole Board to properly classify his offense, even though they have re-classified Petitioner and cited reasons for holding him beyond the recommended period. And since Petitioner has been re-classified, the issue becomes whether this Court should overrule the Parole Board and order his release from confinement. It is the opinion of this Court that Petitioner's Constitutional rights have not been abridged, and therefore that his request for habeas corpus relief should be denied.

■ We must preface our consideration of the present question with the admonition that our role in evaluating decisions of the Parole Board is a very limited one. We cannot substitute our judgment for that of the Parole Board, and where, as in the present case, they have made a determination concerning a prisoner's suitability for release, our inquiry is limited to asking whether there is a rational basis for the decisions of the Board. *Zannino v. Arnold*, 531 F.2d 687 (3d Cir., 1976). The Parole Commission, as of September 15, 1979, recognized that Petitioner had served a total of fifty-six months, and that the recommended guideline for time to be served was forty-six months. The basis of their decision was that the guidelines are only intended to be advisory, and based upon good behavior, while Petitioner's behavior had been poor. Thus they assert that while Petitioner was eligible for release, he was not suitable for release. It is our opinion today that a rational basis does exist for this determination. The time ranges that have been promulgated by the Parole Commission are only to be used as advisory guidelines, 28 C.F.R. § 2.20(c), and they are predicated upon good institutional conduct. 44 Federal Register 26547 (May 4, 1979). And the record indicates that Petitioner's behavior has been poor. He has been cited for misconduct on twelve occasions, including such offenses as threatening the life of another inmate, and aiding an inmate to commit an act of sodomy. Thus where the

time schedule for release is only advisory, where it is based upon good behavior, and where the record clearly indicates that Petitioner's behavior has been questionable, we hold that a rational basis exists for the Parole Board's decision to keep a prisoner in confinement beyond the recommended period.

■ Admittedly, our analysis has focused upon the final decision of the Parole Board, and its rational basis, rather than on the failure of the Respondents to consider the claim that Petitioner had been making. Indeed we question why the Regional and National Appeals Commission did not consider Petitioner's objections until he filed the present action in U. S. District Court. However, it is our opinion that the corrective action taken by the Commission has corrected any deficiencies that may have resulted from the appeals process. In the first place, the Commission has provided Petitioner with the remedy he requested, specifically, it corrected his classification, and therefore his claim became moot. *See Hill v. Attorney General of United States,* 550 F.2d 901 (3d Cir., 1977). And secondly, the decision of the Parole Commission indicates that although Respondents may have been in error, their mistake has not prolonged Petitioner's incarceration.[3]

In summary, the role of this Court in evaluating decisions of the United States Parole Commission is a very limited one. Our function is not to determine whether a prisoner is suited for release, it is to determine whether the Parole Commission's decision in that regard has a rational basis in law and fact. Today we find that the corrective action taken by the Commission has acted to cure any defects that may have existed in the treatment of Petitioner's parole application. In addition we find that a rational basis exists for the decision of the Commission to continue Petitioner's incar-

ceration beyond the advisory guideline period. Accordingly, Petitioner's Application for a Writ of Habeas Corpus will be dismissed.

An appropriate Order will be entered.

---

3. In fairness to Petitioner, we have considered whether the claims of poor institutional adjustment have been brought up to justify, or to cover up, the Commission's mistake in classifying Petitioner's offenses. But we are convinced that the claim is legitimate because the severity of certain offenses is so great, and because the record indicates that Petitioner's poor institutional adjustment was the focus of his statutory review hearing of February, 1979. *See* Hearing Summary (Exhibit B, attached to Answer of Respondents to Show Cause Order, Doc. # 3, filed Oct. 5, 1979).