36 F.3d 1099
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William J. WOODS, Petitioner/Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent/Appellee.
 No. 92-1006.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.*
Decided Sept. 2, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 William Woods appeals the district court's dismissal of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2241. For the reasons stated by the district court in the attached order, we AFFIRM.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE SOUTHERN DISTRICT OF ILLINOIS
 
 2
 William J. Woods, Petitioner,
 
 
 3
 v.
 
 
 4
 U.S. Parole Commission, Respondent.
 
 No. 90 3528 WLB
 ORDER
 
 5
 This matter is before the court on the Magistrate's Report and Recommendation (Doc. No. 10) recommending that respondent's motion for summary judgment (Doc. No. 7) be granted and that petitioner's petition for writ of habeas corpus (Doc. No. 1) be dismissed. The petitioner has filed timely objections to the Magistrate's Report and Recommendation (Doc. No. 11) pursuant to 28 U.S.C. Sec. 636(b).
 
 
 6
 Petitioner was sentenced on July 29, 1983 to 18 years of incarceration for assault with intent to commit murder. He received an initial parole hearing on February 3, 1987, at USP-Marion. The Parole Commission, by notice of action dated February 23, 1987 (Doc. No. 7, Ex. 5), informed petitioner that he was continued to the expiration of his sentence. Petitioner appealed this decision to the National Appeals Board on March 17, 1987 (Doc. No. 7, Ex. 6). The Parole Commission informed petitioner on May 7, 1987 that the previous decision was affirmed (Doc. No. 7, Ex. 7). Thereafter, the petitioner received a statutory interim hearing. The Parole Commission sent a notice of action to petitioner informing him that there would be no change in the decision to continue him to the expiration of his sentence. That decision was appealed to the National Appeals Board and a notice of action dated May 29, 1990 informed the petitioner that the previous decision had been affirmed (Doc. No. 7, Ex. 12). In petitioner's objections, he argues that the guidelines are "fixed and mechanical and violate the Constitution". The petitioner also argues that the guidelines violate the ex post facto clause of the Constitution. United States Constitution, Article I, Sec. 9, Clause 3, 10, Clause 1. As the magistrate correctly noted, parole proceedings must meet minimum due process requirements including a statement of reasons for denying parole. Garcia v. United States Board of Parole, 557 F.2d 100, 105 (7th Cir.1977). A general statement which identifies any reason at all for the denial of parole will do. Id. The magistrate was correct in noting that although the Board's statement of reasons was terse, the petitioner received due process at his parole proceeding.
 
 
 7
 Petitioner argues that the guidelines for parole release violate the ex post facto clauses of the United States Constitution. Petitioner argues in his objections to the Magistrate's Report and Recommendation that the Parole Board "focused on nothing but deterrence, incapacitation and retribution" (Doc. No. 11). However, as this court notes nowhere in their notice of action order dated February 23, 1987 do the Parole Examiners make reference to general deterrence, incapacitation, or retribution. (Doc. No. 7, Ex. 5). Neither is deterrence, retribution or incapacitation mentioned in the notice of action on appeal dated May 7, 1987 (Doc. No. 7, Ex. 7); in the rehearing assessment (Doc. No. 7, Ex. 8); in the review summary (Doc. No. 7, Ex. 9) nor in the notice of action dated March 12, 1990 (Doc. No. 7, Ex. 10). In a similar case, the Seventh Circuit held that parole guidelines are not laws and can be implied ex post facto without violating petitioner's constitutional rights. Inglese v. United States Parole Commission, 768 F.2d 932, 935 (7th Cir.1985). The key to finding that guidelines are not laws but merely guides is that the Parole Commission has a Congressional mandate to exercise discretion. Id at 937. In the instant case, the Parole Commission referred to the guidelines, the institution performance of the prisoner, and "all relative factors and information presented" before continuing the prisoner to the expiration of his term. Therefore, this court can conclude that the Parole Commission's decision was not a "rote application of the guidelines but an individualized assessment of the prisoner based on the evidence before the Commission." Inglese at 938.
 
 
 8
 Petitioner also alleges that the determination of the Parole Commission and the National Appeals Board to continue his prison term to the expiration violated his due process rights. As the United States Supreme Court stated, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 658 (1979). Nor does an inmate have a protectable expectation of parole by virtue of the mere existence of a parole system. Solomon v. Elsea, 676 F.2d 282, 284 (7th Cir.1982). Thus, this court cannot find any violation of due process in the treatment of petitioner afforded to him by the Commission. Inglese, at 940.
 
 
 9
 Accordingly, for the above stated reasons, this court adopts the Magistrate's Report and Recommendation and grants respondent's motion for summary judgment (Doc. No. 7). This court thereby denies petitioner's writ of habeas corpus.
 
 
 10
 IT IS SO ORDERED.
 
 
 11
 DATED: This 12 day of December, 1991.
 
 
 12
 s/ William L. Beatty
 
 WILLIAM L. BEATTY
 United States District Judge
 
 13
 (sg)
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record