**Clarence A. SMITH, III, Appellant,**

v.

**Margaret HAMBRICK, In Her Capacity As Warden of Kennedy Center, Appellee.**

**No. 79–6771.**

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1980.

Decided Aug. 4, 1980.

Allan N. Karlin, North Central West Virginia Legal Aid Society, Morgantown, W. Va., for appellant.

Michael A. Stover (Stephen G. Jory, U. S. Atty. and William A. Kolibash, Asst. U. S. Atty., Wheeling, W. Va., on brief), for appellee.

Before PHILLIPS,* Senior Circuit Judge, and BUTZNER and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

This is an appeal by Clarence A. Smith, III, an inmate of the federal youth facility in Morgantown, West Virginia, (Kennedy Center), from the decision of the United States District Court for the Northern District of West Virginia denying his habeas corpus petition. The habeas corpus petition alleged that the action of the United States Parole Commission denying parole was arbitrary and capricious and violated 18 U.S.C. §§ 4206(b) and 5005 *et seq.*

Smith was sentenced under the Federal Youth Corrections Act, 18 U.S.C. § 5010(b), for voluntary manslaughter. At the time of his parole application, he had served 25 months of a maximum 48-month sentence.

* Honorable Harry Phillips, Senior Circuit Judge, United States Court of Appeals for the Sixth

The Kennedy Center staff rated Smith's rehabilitation efforts and adjustments as excellent and indicated that further incarceration was not necessary. In November, 1978 Smith appeared before a hearing panel of the United States Parole Commission which denied parole despite Smith's favorable youth center record. The parole panel's decision stated:

Your offense behavior is rated as greatest severity because your offense involved the death of a victim. You have a salient factor score of 9 ... Guidelines established by the Commission for youth cases which consider the above factors indicate a range of 27 or more months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Smith contends that the Commission violated § 4206(b) by not giving a reasoned "decision" for the denial; that the Commission action effectively negated any possibility of parole prior to serving the maximum 48 months, thus violating the sentencing scheme of § 5005 *et seq.*; and that the denial by the Commission was arbitrary and capricious. We agree with the district court that the Commission sufficiently identified the factor that has prevented Smith's release. *See Garcia v. United States Board of Parole*, 557 F.2d 100 (7th Cir. 1977); *Hill v. Attorney General of the United States*, 550 F.2d 901 (3rd Cir. 1977). Additionally, the Commission is required both to consider the gravity of the offense for which an inmate has been committed and his conduct and progress at a youth detention facility. 18 U.S.C. § 4206 provides:

(a) If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:

Circuit, sitting by designation.

(1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and

(2) that release would not jeopardize the public welfare; subject to the provisions of subsections (b) and (c) of this section, and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released.

Smith's conduct at the Kennedy Center is commendable but if the Commission believes that his "release would depreciate the seriousness of his offense," it is precluded from granting early parole. The Commission, considering the seriousness of Smith's offense, did not act arbitrarily and capriciously in denying parole.

*AFFIRMED.*