73 F.3d 356
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Wallace Spencer DAVIS, Petitioner-Appellant,
v.
Clarence L. JACKSON; Edward Murray, Director; David Smith;
Virginia Parole Board, Respondents-Appellees.
 No. 94-6121.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 30, 1995.
Decided Dec. 27, 1995.
 
 Wallace Spencer Davis, Appellant Pro Se. Mary Elizabeth Shea, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.
 Before HALL, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Wallace S. Davis appeals from the district court's order dismissing his 28 U.S.C. Sec. 2254 (1988) habeas petition for failing to exhaust state remedies. Davis was convicted of armed robbery, robbery, and maiming, and was sentenced to life imprisonment. He filed this Sec. 2254 habeas petition claiming that the Virginia Parole Board ("the Board") has consistently denied him parole based on the serious nature and circumstances of his offense and, therefore, the Board can not fairly review his request for executive clemency. He further claims that the Board is violating his right to equal protection of the laws because the Board refuses to recognize that he is not guilty and recommend to the Governor that he be granted executive clemency. Finally, he claims that the Board's change of frequency of parole review from annual review to a less frequent review violates the Ex Post Fact Clause. Davis requests immediate release from imprisonment, as well as declaratory, injunctive, and monetary relief. The district court dismissed Davis's habeas petition because Davis failed to exhaust his state remedies. We affirm.
 
 
 2
 Davis's action raises claims under both Sec. 2254 and 42 U.S.C. Sec. 1983 (1988). Because Davis requests his immediate release from incarceration, he is primarily seeking habeas relief. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). He also seeks relief under Sec. 1983 because he challenges the Board's manner of decision-making in denying him parole and not recommending that he be granted executive clemency. Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir.1983).
 
 
 3
 To the extent that Davis's request for immediate release from imprisonment is a habeas corpus claim, we deny a certificate of probable cause and dismiss the appeal.
 
 
 4
 Furthermore, the claims Davis raises under Sec. 1983 are meritless. An inmate has no constitutional right to be paroled prior to the expiration of a valid sentence. See Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S. 1 (1979). Davis complains that the Board has denied him parole on several occasions because of the serious nature and circumstances of his offense. These reasons, however, are constitutionally valid to deny discretionary parole release. See Bloodgood v. Garraghty, 783 F.2d 470 (4th Cir.1986); Smith v. Hambrick, 637 F.2d 211 (4th Cir.1980).
 
 
 5
 In addition, the Board has broad discretion in balancing state needs and prisoners' right in determining whether to grant parole. Franklin v. Shields, 569 F.2d 784 (4th Cir.1977), cert. denied, 435 U.S. 1003 (1978). This discretion is also applicable to the Board's determination of whether to recommend granting executive clemency to an inmate. Therefore, Davis's allegation that he is being treated differently than similarly situated persons is too conclusory to establish that the Board has abused its discretion in failing to recommend to the Governor that Davis be granted an executive clemency. Finally, the Board's decision to change the frequency of parole review from annual review to a less frequent review is constitutional. Hill v. Jackson, 64 F.3d 163, 167-71 (4th Cir.1995).
 
 
 6
 Therefore, we find the district court's order dismissing Davis's action proper. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 DISMISSED.