**John H. RAGINS, Plaintiff,**

v.

**Jim GILMORE, Governor of the State of Virginia, and John R. Alderman, Chairman of the Virginia Parole Board, Defendants.**

No. 2:99cv368.

United States District Court,
E.D. Virginia,
Norfolk Division.

May 6, 1999.

John H. Ragins, Capron, VA, pro se.

***OPINION AND DISMISSAL ORDER***

REBECCA BEACH SMITH, District Judge.

Plaintiff, a Virginia inmate, first submitted this *pro se* action, pursuant to 42 U.S.C. § 1983, on March 9, 1999. However, the court was unable to determine from plaintiff's initial complaint whether his claim was cognizable and what relief he sought. In addition, plaintiff failed to submit either the statutory filing fee or a motion to proceed *in forma pauperis*. Accordingly, the court, by order dated March 15, 1999, directed plaintiff to complete and return a questionnaire, and to submit either the full filing fee or an *in forma pauperis* application. On April 15, 1999, plaintiff returned the court's questionnaire, and requested to proceed *in forma pauperis*. The questionnaire clarifies plaintiff's claim, and is filed as an amendment to his complaint.

Plaintiff alleges that Governor Gilmore appointed crime victims, law enforcement agents, and crime prevention officials to the Virginia Parol Board, and that such appointees are biased against granting parol. He states that the Board, under the direction of Chairman Alderman, wrongly denied him parol, using "boilerplate" language, such as "involvement with drugs," to justify their decision. Finally, he asserts that the Parol Board "refused to permit" the state court to place him in a drug treatment program as an alternative to incarceration. Plaintiff seeks $5,000 in monetary damages.

Pursuant to 28 U.S.C. § 1915A,[1] the court must engage in a preliminary screen-

1. Section 1915A states:

(a) Screening.—The court shall review,

ing of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Based upon careful consideration of plaintiff's pleadings, the court determines that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1), which provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted.

■ In enacting 28 U.S.C. § 1915A, Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). Therefore, in reviewing plaintiff 's complaint pursuant to the mandated screening process, the court applies the same standard. Under that standard, the facts alleged in plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978). A *pro se* complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (quoting

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A *pro se* complaint involving civil rights issues should be liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). Dismissal may be appropriate where the complaint contains a detailed description of underlying facts that fail to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106–08, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, where the complaint is broad, dismissal for failure to state a claim is improper. *Bolding v. Holshouser*, 575 F.2d 461, 465 (4th Cir.1978). Finally, where a *pro se* complaint contains a potentially cognizable claim, plaintiff should be allowed to particularize the claim. *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965).

Plaintiff's complaint fails to state a cognizable claim. Liberally construing the amended complaint, the court interprets plaintiff's allegations as an attempt to make either an equal protection or a due process claim. In either case, plaintiff's claim is not legally viable.

■ With regard to equal protection, inmates in state prison are not a protected class and their claims under the Equal Protection Clause are analyzed under the less strict "rational relationship" standard. *See O'Bar v. Pinion*, 953 F.2d 74, 82 (4th Cir.1991); *Moss v. Clark*, 886 F.2d 686, 689 (4th Cir.1989). However, plaintiff alleges no differential treatment between inmates in his circumstances and some other group of inmates. Nor does he allege that the Virginia Parole Board has drawn any distinctions between different groups of

before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.

inmates. All inmates in the Virginia prison system are subject to the same standards for parole as plaintiff. Plaintiff is being treated equally with all other inmates in Virginia prisons. Therefore, he cannot demonstrate a clearly established right under the Equal Protection Clause that defendants have violated.

■ As for due process, the mere existence of a parole system does not create any interest protected by the Due Process Clause. *Greenholtz v. Inmates of Neb. Penal & Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Recognizing that "[i]f parole determinations are encumbered by procedures that states regard as burdensome and unwarranted, [states] may abandon or curtail parole," *Greenholtz,* 442 U.S. at 13, 99 S.Ct. 2100, federal courts have treaded lightly in cases dealing with state parole, and deferred to state agencies applying state law. *See Vann v. Angelone,* 73 F.3d 519, 521–22 (4th Cir.1996).

■ With regard to the granting of parole in Virginia, Virginia law requires that

[n]o person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole will not be incompatible with the interests of society or of the prisoner.

Va.Code Ann. § 53.1–155(A) (Michie 1998). At most, inmates in Virginia have an expectation that they may, at some time, be released on parole should the Board determine that such release is in the interests of society and the prisoner. *See id.; Gaston v. Taylor,* 946 F.2d 340, 344 (4th Cir.1991). Hence, release on parole in Virginia is at the discretion of the Virginia Parole Board.

In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court addressed the extent of an inmate's due process rights in the context of prison procedures. The Court stated:

[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause by its own force, nonetheless *imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.*

*Sandin,* 515 U.S. at 483–84, 115 S.Ct. 2293 (citations omitted) (emphasis added).

■ According to the *Sandin* analysis, it is not enough to simply argue that a statute or prison procedure limits the discretion of officials. An inmate must go one step further and also show that the actions of the state are "atypical" and impose a "significant hardship" on the inmate that would not otherwise be endured by an incarcerated individual. *See id.* With regard to discretionary parole, "inmates generally possess no entitlement, but only a desire, that a parole board will decide in their favor." *Vann,* 73 F.3d at 521. Further, when parole decisions are placed in the discretion of parole officials, "a prisoner cannot claim entitlement and therefore a liberty interest in the parole release." *Gaston,* 946 F.2d at 344. These factors place a high burden on an inmate challenging the procedures for determining whether parole should be granted. In this case, plaintiff has failed to make any allegations to fulfill this heavy burden and has not demonstrated the violation of any clearly established right protected by the Due Process Clause.

■ Plaintiff's claim regarding the appointment of crime victims, law enforcement officials, and crime prevention personnel to the Virginia Parole Board is meritless. Such appointments simply have no constitutional significance and are certainly not a reason for a federal court to

interfere with the political or administrative functions of a state government. The Constitution places no limitations on who can serve as a member of a parole board based solely on the background of the official. *See Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 566 n. 1 (5th Cir.1987) (finding inmate's allegation that he was denied equal protection because only one member of the Parole Board was an African–American to be "meritless"); *Bradford v. Weinstein*, 357 F.Supp. 1127, 1131 (E.D.N.C.1973), (in suit brought by an inmate challenging parole board as, *inter alia*, not reflecting a fair cross section of state, stating that "[a]n inmate has no right to challenge the participation of a member of the Board who is reviewing his suitability for parole"), *rev'd on other grounds*, 519 F.2d 728 (4th Cir.1974), *vacated as moot*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). Thus, even assuming plaintiff's allegations to be true, the Due Process Clause recognizes no right of prisoners to a parole decision by officials who are not past crime victims, law enforcement officers, or crime prevention personnel.

Plaintiff's claim that the Parole Board's decision to deny him parole was unjustified and based on "boiler-plate" language similarly lacks merit. According to plaintiff, his involvement with drugs was the Board's reason for its decision. Denying an inmate parole because of the seriousness of his crime does not violate the inmate's due process rights. *See Vann*, 73 F.3d at 523; *Smith v. Hambrick*, 637 F.2d 211, 213 (4th Cir.1980). Furthermore, the type of language that the parole board used is sufficient because a parole board is not required to specify the evidence on which it relied in making a parole determination. *Greenholtz*, 442 U.S. at 15, 99 S.Ct. 2100.

Finally, plaintiff's allegation that the Parole Board prevented the state court from sending him to a drug treatment program as an alternative to incarceration fails to state a cognizable claim, as well.

Under Virginia law, either the jury or the judge determines a convicted defendant's sentence. Va.Code Ann. § 19.2–295 (Michie 1995). Even if the jury sets the sentence, the judge may suspend or modify it. Va.Code Ann. § 19.2–303 (Michie 1995). The judge also may impose probation instead of incarceration, and place conditions on a defendant during his term of probation. *Id.* Contrary to plaintiff's claim, the Parole Board has no authority to determine a criminal defendant's sentence, or to prevent a defendant from receiving alternatives to incarceration. Such discretion lies with the court. Consequently, plaintiff has no claim against the Parole Board, its Chairman, or Governor Gilmore concerning his failure to be placed in a drug treatment program as an alternative to incarceration.

In short, the court finds that plaintiff fails to state either an equal protection or a due process claim. Thus, in accordance with 28 U.S.C. § 1915A(b)(1), plaintiff's complaint is **DISMISSED**. Plaintiff's motion to proceed *in forma pauperis* is **MOOT**. Therefore, the court does not rule on plaintiff's request to proceed *in forma pauperis*.

Moreover, recent legislation has amended 28 U.S.C. § 1915 by adding § 1915(g), which prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under § 1915 if "the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm." Accordingly, the court CAUTIONS plaintiff that this action was dismissed by the court for failure to state a claim upon which relief can be granted.

Plaintiff is ADVISED that he may appeal this Opinion and Dismissal Order by forwarding a written notice of appeal to

the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order.

The Clerk is **DIRECTED** to send a copy of this Opinion and Dismissal Order to plaintiff.

**IT IS SO ORDERED.**