Clayburne Scott **WILLIAMSON**,
Plaintiff,

v.

Ronald J. **ANGELONE**,
et al. **Defendants.**

No. CIV.A. 201CV444.

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 8, 2001.

Clayburne Scott Williamson, Victoria, VA, Pro Se.

No Counsel, for Defendants.

## DISMISSAL ORDER AND OPINION

FRIEDMAN, District Judge.

Plaintiff, a Virginia inmate, brings this *pro se* action pursuant to 42 U.S.C. § 1983 to redress a alleged violations of his constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the Eighth Amendment, and Article I, Section III of the Constitution of Virginia. Plaintiff claims that these violations arise from the recent decision of the Virginia Parole Board (the "Board") not to grant the Plaintiff release on parole. Mr. Williamson seeks declaratory judgment, injunctive relief, and money damages.

Pursuant to 28 U.S.C. § 1915A[1], the Court must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Based upon careful consideration of Plaintiff's complaint, the Court determines that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1).

 In enacting 28 U.S.C. § 1915A, Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R.Civ.P. 12(b)(6). In reviewing plaintiff's complaint pursuant to the mandated screening process, therefore, the Court applies the same standard. Under that standard, the facts alleged in plaintiff's *pro se* complaint must be taken as true. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir. 1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). A *pro se* complaint, no matter how inartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). A *pro se* complaint involving civil rights issues should be liberally construed. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Dis-

---

1. 1915A. Screening

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

missal may be appropriate where the complaint contains a detailed description of underlying facts which fail to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106–08, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, where the complaint is broad, dismissal for failure to state a claim is improper. *Bolding v. Holshouser*, 575 F.2d 461 (4th Cir.), *cert. denied*, 439 U.S. 837, 99 S.Ct. 121, 58 L.Ed.2d 133 (1978). Finally, where a *pro se* complaint contains a potentially cognizable claim, plaintiff should be allowed to particularize the claim. *Coleman v. Peyton*, 340 F.2d 603, 604 (4th Cir.1965).

**A. Due Process**

Mr. Williamson alleges that on December 20, 2000, the Board issued its negative parole decision on the grounds that Plaintiff's offense of conviction was of a serious nature and that release would serve to diminish the seriousness of that offense. Compl., ¶ 20. Mr. Williamson appealed this denial of parole. On March 15, 2001, Plaintiff received notice that his appeal had been denied. *Id.*, ¶ 28–29. Plaintiff alleges that the members of the Board were biased against granting him parole because "once all parole eligible inmates are released from [the Department of Corrections] their jobs will become an unnecessary burden on the Commonwealth's budget, [and] therefore the board members will be dismissed from their appointed [positions]." *Id.*, at ¶ 32. Mr. Williamson also alleges that one member of the Board was biased against him because she is a victim of rape. *Id.*, ¶ 30.

The mere existence of a parole system does not create a liberty interest protected by the Due Process clause. *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Assuming that Plaintiff has any procedural due process rights associated with parole consideration, he would merely be entitled to a reason for denial of parole. *Franklin v. Shields*, 569 F.2d 784 (4th Cir.1977). Plaintiff's allegations do not suggest any actions on the part of the Defendant that imposed an atypical and significant hardship on plaintiff such as might indicate the need for additional due process protections. *See Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The Court of Appeals for the Fourth Circuit has already considered whether the use of the serious nature of the offense is a constitutionally sufficient reason for parole denial. *Smith v. Hambrick*, 637 F.2d 211 (4th Cir.1980). In addition, the Fourth Circuit has made it clear that only one constitutionally sufficient reason need be given for denial of parole, and that seriousness of the offense is sufficient as the sole reason. *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986).

Plaintiff's claim regarding the appointment of a crime victim to the Board are meritless. Such appointments simply have no constitutional significance and are certainly not a reason for a federal court to interfere with the political functions of a state government. The Constitution places no limitations on who can serve as a member of a parole board based solely on the background of the official. *See Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 566 n. 1 (5th Cir.1987) (finding inmate's allegation that he was denied equal protection because only one member of the Parole Board was an African–American to be "meritless"); *Bradford v. Weinstein*, 357 F.Supp. 1127, 1131 (E.D.N.C.1973), *rev'd on other grounds*, 519 F.2d 728 (4th Cir.1974), *rev'd on other grounds*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (in suit brought by an inmate challenging parole board as, *inter alia*, not reflecting a

fair cross section of state, stating that "[a]n inmate has no right to challenge the participation of a member of the Board who is reviewing his suitability for parole"). Thus, the Due Process Clause recognizes no right of prisoners to a parole decision by officials who have not themselves been victims of crime.

## B. Equal Protection

Plaintiff alleges that "[i]f some inmates convicted of murder are released upon discretionary parole, and those inmates have similar parole plans, similar institutional records and similar [behavioral] patterns as Williamson, and Williamson is refused discretionary parole based solely on the statutory [offense] this is a prima facie showing of a lack of equal protection [under the] law." Compl., ¶ 34.

Plaintiff has not claimed that he was denied parole due to his membership in a protected class. Rather, Plaintiff alleges that some murderers might have been afforded parole while he has not been. So long as no protected classification is inappropriately considered, the Board may exercise its discretion with respect to parole "differently based on distinctive factual circumstances if the distinction is rationally related to a legitimate governmental purpose." *O'Bar v. Pinion,* 953 F.2d 74, 82 (4th Cir.1991). As discussed above, denial of parole based upon the seriousness of a prisoner's offense certainly bears a rational relationship to a legitimate governmental interest. Accordingly, Mr. Williamson has failed to state an Equal Protection claim.

## C. Eighth Amendment

To state a *prima facie* case of a violation of the Eighth Amendment, a prisoner must allege " '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions

on the part of prison officials.' " *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir.), *cert. denied,* 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993), (*quoting Williams v. Griffin,* 952 F.2d 820, 824 (4th Cir. 1991)); *Counts v. Newhart,* 951 F.Supp. 579, 586 (E.D.Va. Nov.5, 1996). "[T]he first prong of this test requires that the deprivation of the basic human need be objectively sufficiently serious, and the second prong is a subjective inquiry into whether the officials acted with a sufficiently culpable state of mind." *Counts,* 951 F.Supp. at 586. Plaintiff's allegations regarding the Board's decision to deny his release on parole fail to state a claim of "cruel or unusual" treatment in violation of the Eighth Amendment. Plaintiff has not alleged the existence of prison conditions which operate to deny him any basic human need.

## D. Virginia Constitution

Article I, Section 3 of the Constitution of Virginia provides:

That government is, or ought to be, instituted for the common benefit, protection, and security of the people, nation, or community; of all the various modes and forms of government, that is best which is capable of producing the greatest degree of happiness and safety, and is most effectually secured against the danger of maladministration; and, whenever any government shall be found inadequate or contrary to these purposes, a majority of the community hath an indubitable, inalienable, and indefeasible right to reform, alter, or abolish it, in such manner as shall be judged most conducive to the public weal.

Va. Const, art I, sec. 3. The Court's research has uncovered no indication that this provision creates a private right of action. Accordingly, Plaintiff fails to state a claim under the Constitution of Virginia.

In conclusion, the Court **FINDS** that the Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, this action hereby is **DISMISSED.**

Plaintiff is ADVISED that he may appeal from this Opinion and Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Order.

The Clerk is DIRECTED to close the file and to mail a copy of this Dismissal Order and Opinion to the *pro se* Plaintiff.

**IT IS SO ORDERED.**